Zheng v. Holder

BIA
Mulligan, IJ
A077 722 812

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of August, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

YONG AN ZHENG,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-930 (L);
11-4111 (Con)

NAC

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Keith I. McManus, Senior Litigation Counsel; Tracie N. Jones, Trial Attorney,

**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review in U.S.C.A. Dtk. No. 11-930 (L) and U.S.C.A. Dkt. No. 11-4111 (Con) are DENIED.

Petitioner Yong An Zheng, a native and citizen of China, seeks review of a February 10, 2011, order of the BIA, affirming the October 20, 2008, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Yong An Zheng*, No. A077 722 812 (B.I.A. Feb. 10, 2011), *aff'g* No. A077 722 812 (Immig. Ct. N.Y. City Oct. 20, 2008), and a September 13, 2011, decision of the BIA denying his motion to reopen his removal proceedings, *In re Yong An Zheng*, No. A077 722 812 (B.I.A. Sept. 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Asylum and Withholding of Removal - Dtk. No. 11-930 (L)

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An alien who, like Zheng, demonstrates past persecution benefits from the presumption of a well-founded fear of future persecution. *See Baba v. Holder*, 569 F.3d 79, 86 (2d Cir. 2009); 8 C.F.R. § 1208.13(b)(1)(i); *see also* 8 C.F.R. § 1208.16(b)(1)(i). Once past persecution is established, the burden rests firmly with the government to rebut this presumption by showing, by a preponderance of the evidence, either a "fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" or the reasonable possibility of internal relocation within the country of removal. *See Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010); 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also* 8 C.F.R. § 1208.16(b)(1)(i)(A).

3

Contrary to Zheng's assertions, the agency did not err in finding that circumstances had fundamentally changed such that his presumption of a well-founded fear of future persecution had been rebutted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). In finding that circumstances had fundamentally changed, the agency reasonably relied on Zheng's own testimony, which indicated that his *only* subjective fear in returning to China concerned his illegal departure. *See Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (noting that a well-founded fear is a "subjective fear that is objectively reasonable") (citations and internal quotations marks omitted).

Zheng's argument that the agency failed to consider the continuing nature of his past persecution, in reliance on *In re Y-T-L*, 23 I. & N. Dec. 601 (B.I.A. 2003), is misplaced. Unlike the applicant in *In re Y-T-L,* Zheng's presumption of a well-founded fear stemmed from his detention and family planning fines; not from his wife's forced sterilization. *See* 23 I. & N. Dec. at 601. Moreover, family planning

4

officials did not commence *any* arguably persecutory acts against Zheng until *after* his wife's forced sterilization in 1989 and, thus, the absence of additional fines or harm from family planning officials since Zheng's departure in 1999 cannot be viewed as a function of his wife's forced sterilization, as it was in *In re Y-T-L.*  *See* 23 I. & N. Dec. at 605.

Instead, the government established fundamentally changed circumstances because: (1) Zheng had fully paid all the fines imposed by family planning officials; (2) his children are now adults; (3) his wife and family had remained in China without harm or further fines since 1999; and (4) as discussed above, Zheng no longer had any subjective fear of persecution on the basis of his past family planning violations.  *See Tambadou v. Gonzales*, 446 F.3d 298, 303-04 (2d Cir. 2006); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) .

Because the agency did not err in finding that the government had rebutted the presumption of a well-founded fear of persecution, applicable to Zheng's asylum claim, the agency also did not err in finding, with respect to his withholding of removal claim, that the government had rebutted the presumption that Zheng's life or freedom would

5

be threatened in China.  *See Kone*, 596 F.3d at 148 n.5; *cf. Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).  We decline to consider the agency's denial of CAT relief because Zheng does not contest that finding in this Court.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

II.  <u>Motion to Reopen - Dkt. No. 11-4111 (Con)</u>

Zheng sought reopening on the basis of his recent practice of Falun Gong.  We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam).  The BIA may properly deny reopening where the movant fails to establish a *prima facie* case for the underlying substantive relief sought.  *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

Because Zheng failed to support his motion with any meaningful description of his current or prospective practice of Falun Gong, the BIA reasonably determined that his generalized claim of mistreatment of Falun Gong practitioners in China was insufficient to establish his *prima facie* eligibility for relief.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)

6

(per curiam) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

Although Zheng takes issue with the BIA's failure to explicitly discuss his country conditions evidence, in light of Zheng's failure to meaningfully describe his current practice of Falun Gong in the United States, or his future practice of Falun Gong in China, the record does not compellingly suggest that the BIA ignored any evidence. *See Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (per curiam) (noting that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal quotation marks omitted)).

For the foregoing reasons, the petitions for review in in U.S.C.A. Dtk. No. 11-930 (L) and U.S.C.A. Dkt. No. 11-4111 (Con) are DENIED. As we have completed our review,

any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk